UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KURT KANAM,<br><br>        *Plaintiff*,<br><br>v.<br><br>SECRETARY OF THE INTERIOR, *et al.*,<br><br>        *Defendants*. | Civil Action No. 20-cv-2322 (RDM) |

## MEMORANDUM OPINION

Plaintiff Kurt Kanam, proceeding *pro se*, brings this action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, apparently challenging the decision of a Department of Interior Administrative Law Judge regarding the validity of a mining claim. Dkt. 1 at 2–3 (Compl. ¶¶ 8, 11). He names the Secretary of the Interior, the Bureau of Land Management's Alaska Regional Director, and the Administrative Law Judge, Veronica Larvie, as defendants. *Id.* at 2 (Compl. ¶¶ 5–7).

Because Plaintiff had failed to file proof of service long after he filed suit, the Court issued an order pursuant to Federal Rule of Civil Procedure 4(m) giving Plaintiff until December 22, 2020—124 days after Plaintiff filed suit—either to "cause process to be served . . . and proof of service to be filed with the Court or [to] establish good cause for the failure to do so." Dkt. 3 at 1–2. On December 22, 2020, Plaintiff sought to comply with that order by asserting "under penalty of perjury" that he had "mailed a copy of the summons and complaint for this action to the Parties at their addresses of record." Dkt. 4 at 1. Three certified mail receipts accompanied that "Affidavit of Mail[ing]." *Id.* at 2. One receipt was addressed to the "Office of Veronica Larvie;" the second was addressed to the "Office of the Sec. of Int." *Id.* Although the address of

1

the third receipt was obscured, *id.*, the Court assumed that it was addressed to the third defendant, the Office of the Alaska Regional BLM Director. Dkt. 5 at 1.

In an order issued on January 29, 2021, the Court explained that Plaintiff's attempted service did not comply with the Federal Rules of Civil Procedure for two reasons. First, Plaintiff had personally served Defendants by mail, in violation of Fed. R. Civ. P. 4(c)(2), which bars service by anyone who is a party to the case. *Id.* at 2. Second, Plaintiff failed to serve the necessary recipients specified in Fed. R. Civ. P. 4(i), which governs service on the United States, its agencies, corporations, officers, or employees. *Id.* That provision requires a qualified person (1) to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or to "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;" and (2) to "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). Here, however, Plaintiff, provided only proof of mailing to the named Defendants' offices, which is a separate requirement under Rule 4(i)(2) and (3). After explaining these shortcomings, the Court granted Plaintiff another opportunity to effect service in compliance with Rule 4(c)(2) and 4(i). In order to ensure that Plaintiff had ample time to do so, moreover, the Court gave Plaintiff seven weeks—until March 19, 2021—to effect service "in compliance with Federal Rule of Civil Procedure 4" and to file "proof of service" with the Court. Dkt. 5 at 3. The Court cautioned Plaintiff that "[f]ailure to comply with [the Court's] order will result in dismissal of this case." *Id.*

Eleven days after this deadline, on March 30, 2021 Plaintiff filed an affidavit, stating under penalty of perjury that he "had served the US attorney in Salt [L]ake and the US [c]ivil

process clerk via certified mail." Dkt. 7 at 1. That filing fails to make even a half-hearted effort to comply with the Court's order. For one thing, Plaintiff attests that he has—once again—personally served the summons and complaint via mail. But as the Court previously explained, "Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail." Dkt. 5 at 2 (quoting *Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009)). For another, Plaintiff ignores the Court's instruction—and Rule 4's direction—that he serve the Attorney General, as required by Rule 4(i).[1]

> Federal Rule of Civil Procedure 4(m) provides that:
>
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(i)(4) (requiring courts to provide parties with "a reasonable time to cure" certain defects in service on a federal agency). Here, Plaintiff has not offered proof of service, nor has he shown good cause for his failure to effect service in compliance with Rule 4. In light of the multiple chances Plaintiff has had to effect service, the ample time that he has had to do so, and his repeated failure to satisfy the requirements of Rule

---

[1] It is unclear whether Plaintiff served the civil process clerk in the District of Columbia, or the civil process clerk in Salt Lake City, Utah. Although the summons suggests the former, Dkt. 6 at 2, Plaintiff's declaration does not indicate which civil process clerk he served: he attests that he "served the US Attorney in Salt [L]ake and the US civil process clerk via certified mail." Dkt. 7 at 1. If he served the civil process clerk in Utah, then this constitutes a further failure to comply with Fed. R. Civ. P. 4(i)(1), which requires service on the civil process clerk for the United States attorney's office in the district where the action is brought—here, the District of Columbia—or on "the United States attorney" or her designated assistant or clerical employee in that district. Fed. R. Civ. P. 4(i)(1)(A).

4 and to comply with the Court's instructions, the Court will dismiss his case without prejudice pursuant to Rule 4(m).

A separate order will issue.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date:  April 7, 2021